TOUTAIN       Probates, which are styled a partition, and he appears to be
*vs.*
HIS CREDITORS.   in possession of the evidence of the debt.    Indeed, the parti-
tion amounts to little more than a calculation of the amount
of the share which will be coming to each heir after all col-
lections are made, and the payment of the debts.    The

---

### TOUTAIN *vs.* HIS CREDITORS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

An affidavit which states that the insolvent has received, as depositary,
certain property which he refuses to deliver up to the claimant, is insuffi-
cient to obtain an order of arrest.  These circumstances are in no way
calculated to induce the belief that the debtor is about to depart from
the jurisdiction of the court, or secrete his person from his creditors.

The plaintiff filed his schedule and petition, making a
surrender of his property to his creditors, and praying for
the benefit of the insolvent laws.

André Marchesseau made affidavit that the insolvent was really indebted to him in the sum of five thousand five hundred dollars, and that he verily believes said debtor intends departing from the jurisdiction of the court, to secrete his person from his creditors ; and the reasons which induce him to this belief are, that the said Toutain has received as a depositary two boxes of ready made clothing of the value of two thousand five hundred dollars, and that he refuses to deliver back to this affiant said boxes, saying that he has sent them ; thereby intending, as he believes, to defraud this affiant and secrete his person from his creditors. On this affidavit the debtor was arrested. His counsel took a rule to have the arrest set aside, which was made absolute, the order of arrest set aside, and Marchesseau appealed.

*Pepin*, for the appellant, contended that an unfaithful depositary cannot make a cession of his property and obtain the benefit of the insolvent laws. *Louisiana Code*, art. 2929, 2170. *Acts of* 1817, *sec.* 25 : *verbo*, " *Surrender.*"

2. A depositor may, at any time, sue and obtain judgment against an unfaithful depositary. This is not the case of an ordinary failure ; so far from it, that, as regards the depositor, he must be considered as not having failed.

3. Admitting that this proceeding should come in, by way of opposition, it is in time, counting ten days from that on which the proceedings were filed in court. The law says ten days after the appointment of the syndic ; and can it be said that there is a syndic appointed, until he furnishes security according to law ? 2 *Moreau's Dig.* 429. Pandelly *vs.* His Creditors, 9 *Louisiana Reports*, 389.

4. The proceedings before the notary were only filed in court the day before the arrest was set aside, and it appears there is no syndic in this case.

*Bodin*, contra.

*Morphy, J.*, delivered the opinion of the court.

André Marchesseau, a creditor of this insolvent, appeals from a decree setting aside an order of court made a few days after the filing of the schedule, on appellant's affi-

An affidavit which states that the insolvent has received, as depositary, certain property which he refuses to deliver up to the claimant, is insufficient to obtain an order of arrest. These circumstances are in no way calculated to induce the belief that the debtor is about to depart from the jurisdiction of the court, or secrete his person from his creditors.

davit, made in pursuance of article 223, of the Code of Practice. This affidavit sets forth that the insolvent had received, as a depositary, two boxes of ready made clothing of the value of two thousand five hundred dollars, and that he refused to give them back to affiant, saying that he had already delivered them up. These circumstances were in no way calculated to induce the belief that insolvent intended to depart from the jurisdiction of the court, to secrete his person from his creditors. They only disclose the nature of affiant's claim, and insolvent's refusal, to satisfy him. Such an oath, showing only indebtedness and refusal to pay, could safely be made on every occasion, and cannot, therefore, be considered as a compliance with the above cited article. But passing by the insufficiency of the affidavit, we entirely concur with the judge below, that, even if the order of arrest had properly issued, the debtor was entitled to his discharge. The arrest authorized in cases of this kind has, for its object, to secure the presence of the insolvent within the jurisdiction of the court, until the homologation of the proceedings on his surrender. In this case no accusation of fraud appears to have been made against Toutain by any of his creditors. From the moment, therefore, that the proceedings were duly homologated, the insolvent was entitled to be discharged from imprisonment, under the twenty-seventh section of the statute of 1817, on the subject of voluntary surrenders. But the appellant contends that Toutain is not entitled to the benefit of our insolvent laws, being, as he alleges, an unfaithful depositary. This he should have established contradictorily with the insolvent on a charge of fraud, or in a direct action, for the return of his alleged deposit; but from his own showing he could have supported neither; for, in a petition filed after the arrest, he alleges that these boxes had been given to the insolvent as a pledge for the payment of a sum of money, and prays that they be sequestered by the sheriff, on the allegation that he had discharged the debt, thus falsifying his own affidavit made the preceding day.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.